By the Court.
It is contended that the transaction, between Rheinboldt and the Kauffmans was a conditional sale, inasmuch as the vendor retained the title to the real estate covered by the contract, and stipulated to convey only on payment of the purchase money, and therefore, the sum remaining due as purchase money cannot be taxed. We are unable to assent to this view. Had the property sold all been personalty probably this claim would not be *165 made, for the reason that the sale as to that was admittedly absolute. But can it make any difference that the contract embraces real estate, and that the title, so far as Rheinboldt held it, continued in him ? By whatever name the transaction is described, the fact remains that the obligation of the Kauffmans to pay the purchase money was absolute; it was a chose in action having value, a legal claim and demand enforceable by Rheinboldt by action at law irrespective of his lien as vendor, the retention of the -legal title being only as security. The installments, as they became due, were rights in action which Rheinboldt might sell, and payment of which the purchaser might enforce by suit. The several amounts were, therefore, within the meaning of our tax laws, credits which, by the constitution, are required to be taxed. As to the claim that to tax these sums would result in double taxation it is enough to say that although the real estate continued to stand' in the name of the partnership on the duplicate, yet, by the contract, the Kauffmans were obligated to pajrall taxes and assessments, and if Rheinboldt, because of default on the part of the Kauffmans, should be compelled to pay any such charge, such payment would be payment of a debt of the Kauffmans rather than his own, and a legal right to collect of them would result.
These amounts being • subject to taxation, the - right of the auditor to go back for five years and place them on the duplicate for simple taxes, is established by the case of Gager v. Prout, 48 Ohio St., 89. No question of penalty or interest is involved.

Judgment affirmed.